UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LANDSTAR RANGER, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>FLEXO GROUP, INC.,<br><br>                Defendant. | Case No. 24-cv-2389 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Landstar Ranger, Inc. (Landstar) moves for default judgment against Defendant Flexo Group, Inc. (Flexo) for breach of contract. Landstar seeks $90,240 in unpaid freight charges for 61 shipments Landstar arranged and delivered for Flexo between April 2023 and January 2024. For the reasons set out below, the Court will **GRANT** Plaintiff's motion for default judgment. ECF 8.[1]

**I.   BACKGROUND**

Landstar is a transportation service company authorized by the Federal Motor Carrier Safety Administration (FMCSA) to arrange and deliver interstate shipments. ECF 3-1 ¶ 2; ECF 8-2 ¶ 5 (Affidavit of Spryte Kimmey, Vice President of Accounts Receivable at Landstar). Flexo is a federally licensed property broker authorized under the FMCSA. ECF 8-1 at 2 ¶ 6 (Affidavit of John Husk, Counsel for Landstar). Between April 2023 and January 2024, Flexo contracted with Landstar to transport 61 shipments. ECF 3-1 ¶ 10. Under the Parties' agreement, Landstar arranged

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

for or transported the shipments from point of origin to the requested destination points, including Washington, D.C. *Id*. ¶¶ 11–12. Landstar delivered all shipments "without damage or delay." *Id.*; ECF 8-2 ¶ 6. Landstar invoiced Flexo for each shipment—totaling $90,240. *See* ECF 3-2 (documentation of the bills of lading and invoices). Landstar alleges Flexo "accepted each of these invoices and underlying paperwork" with no "objection or protest." ECF 3-1 ¶ 15; ECF 8-2 ¶ 8. But, to date, Flexo has not paid Landstar for its services. ECF 3-1 ¶ 16; ECF 8-2 ¶¶ 8–9. Accordingly, in August 2024, Landstar brought this action against Flexo for breach of contract. *See* ECF 1.

The docket reflects that Landstar properly served a designated agent of Flexo, pursuant to 49 U.S.C. § 13304(a), on September 6, 2024. ECF 5; ECF 8-1 at 2–3 ¶¶ 7–15; *see also* ECF 8-1 at 4–11. Landstar subsequently filed a return of service on September 9, 2024. ECF 5. Flexo did not respond. On October 3, 2024, Landstar filed a request for entry of default, ECF 6, and served a copy of that request on Flexo. *Id.* The Clerk of the Court entered default the same day. ECF 7. Despite being aware of this suit, *see* ECF 5, Flexo did not move to set aside the Clerk's entry of default or otherwise respond. ECF 8-1 at 3 ¶ 18.

## II.   LEGAL STANDARD

"To warrant a default judgment, the defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of a default, and the motion for a default judgment." *Teamsters Local 639-Emps. Health Tr. v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 107 (D.D.C. 2008). Generally, "'[in] the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense,' it is clear that the standard for default judgment has been satisfied." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F.

Supp. 2d 56, 57 (D.D.C. 2008) (quoting *Gutierrez v. Berg Contracting Inc.*, No. 99-CV-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)). The trial court has the discretion to determine whether a default judgment is appropriate. *See Hanley-Wood, LLC v. Hanley Wood, LLC*, 783 F. Supp. 2d 147, 150 (D.D.C. 2011) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). In doing so, the court must "make an independent determination of the sum to be awarded unless the amount of damages is certain." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

"A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. When a defendant does not contest its liability, a court needs only to determine whether the allegations in the complaint are well-pled. *See Fanning v. AMF Mech. Crop.*, 326 F.R.D. 11, 14 (D.D.C. 2018).

For the reasons set out below, the Court finds that Landstar's complaint alleges sufficient facts to establish liability and that Landstar is entitled to the sum certain of $90,240 in unpaid freight charges.

### III.  ANALYSIS

To begin, even with a defaulting party, the Court must "comply with its 'affirmative obligation to determine whether it has subject-matter jurisdiction over the action[,]' as well as personal jurisdiction over the Defendant" before entering default judgment. *Capitol Paving of D.C., Inc. v. H&L Constr. Corp.*, No. 24-CV-02148, 2025 WL 1134960, at *3 (D.D.C. Apr. 17, 2025) (quoting *Friends Christian High Sch. v. Geneva Fin. Consultants*, 321 F.R.D. 20, 22 (D.D.C. 2017)). The complaint establishes that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Landstar alleges that (1) it is incorporated in Delaware with a principal place of business in Florida; (2) Flexo is incorporated in and principally located in Nevada; and (3) the

amount at issue exceeds $75,000. ECF 3-1 ¶¶ 1–6. Landstar also alleges that Flexo transacts business in Washington D.C., *see, e.g.*, ECF 3-1 ¶ 8, sufficient to establish this Court's personal jurisdiction over Flexo, *see* D.C. Code § 3-423.

The Court next considers whether Landstar's allegations are sufficiently well-pled to establish liability and the damages to which it is entitled.

### A. Liability

Because Flexo did not respond to either the complaint or the motion for default judgment, it has failed to contest its liability in this suit. *See R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. The Court need only determine whether Landstar's allegations in its complaint are well-pled. *See Fanning*, 326 F.R.D. at 14. Under District of Columbia law, "'[t]o prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach.'" *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015) (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)). Landstar's allegations support such a claim. According to the complaint and supporting documents, the Parties entered into an agreement for Landstar to arrange and deliver 61 shipments for Flexo between April 2023 and January 2024. *See* ECF 3-1 ¶ 10; ECF 3-2. Landstar fulfilled its obligation to deliver each shipment. *Id.* It invoiced Flexo for the shipments, but was never paid. ECF 3-1 ¶ 16; ECF 8-2 ¶¶ 8–9. Accordingly, the Court concludes that Landstar has established that Flexo is liable for breach of contract and entry of default judgment is warranted. *See Landstar Ranger, Inc. v. M X 26 Help & Linkk Corp.*, No. 23-CV-13, 2023 WL 4488830 (D.D.C. July 12, 2023) (granting default judgement to Landstar for unpaid shipping services).

### B. Damages

Although a default judgment establishes the defendant's liability, the Court must "make an independent determination of the sum to be awarded" unless "the amount of damages is certain." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Courts "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see Blau v. Nowicki*, 736 F. Supp. 2d 165, 167 (D.D.C. 2010).

Landstar's claim for relief is for a "sum certain." ECF 8 ¶ 7. A sum certain is "an amount for which 'once the fact of liability is established, the dollar amount . . . follows with mathematical certainty.'" *Landstar Ranger, Inc.*, 2023 WL 4488830, at *2 (quoting *Combs v. Coal & Min. Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984)). Landstar seeks to recover its unpaid shipping charges. ECF 3-1 ¶ 14; *see also* ECF 3-2 at 1–2; ECF 8-2 ¶¶ 7, 9. It has produced supporting evidence, including its freight bills and an affidavit by its Vice President of Accounts Receivable, to confirm that the unpaid invoices total $90,240. *Id.* As such, the Court finds that Landstar is entitled to judgment against Flexo for $90,240.

\* \* \*

For the foregoing reasons, Landstar's motion for default judgment, ECF 8, is **GRANTED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

 

_____
JIA M. COBB
United States District Judge

Date: June 30, 2025